Thomas V. Van Flein
Clapp, Peterson, Van Flein,
    Tiemessen & Thorsness LLC
711 H St., Suite 620
Anchorage, Alaska  99501-3454
Phone:        (907) 272-9228
Facsimile:    (907) 272-9586

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| JOE MILLER, | Civil Action No: |
| *Plaintiff,* | _____ |
| v. | |
| LIEUTENANT GOVERNOR CRAIG CAMPBELL, in his official capacity; and the STATE OF ALASKA, DIVISION OF ELECTIONS, | |
| *Defendants.* | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff, Joe Miller, hereby alleges as follows:

## Introduction

1.    The Director of the Division of Elections (hereafter, the "Director") has announced publicly that she is changing the rules for this election after the voting has been completed.   Instead of counting write-in ballots in the manner clearly and unambiguously set forth by the legislature in the Alaska Statutes, the Division director has instead decided to adopt her own alternative—and highly subjective--approach,

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 1 of 14

thereby effectively ignoring the provisions of state law with which she apparently disagrees.

2.     On November 8, 2010, just 36 hours before the ballot counting was to start for write-in ballots, the state released heretofore unknown ballot counting polices.  This new policy is attached as Exhibit A to this Complaint.  This eleventh hour change comes *after* all the votes in this election already have been cast, thereby making it impossible for voters to take these rules into account when casting their ballots. Furthermore, changing the rules for counting votes after voting has concluded unavoidably raises the specter of manipulation, favoritism, and fundamental unfairness. Even if the Director's new policy were substantively valid, it cannot be applied retroactively to an election in which the ballots already have been cast.

3.     Despite the fact that the Alaska Division of Elections (hereafter, the "Division") is scheduled to begin counting write-in ballots in less than 24 hours, the details for the new standards the Director intends to apply, just released in written form, fail to provide guidance on "voter intent" and lack a statutory, constitutional and regulatory basis. Further, by issuing an edict a day before the count is to begin is a  disturbing lack of transparency regarding the fundamental rules governing how a substantial portion of the ballots cast in this election will be counted and effectively shields the electoral process from public scrutiny and underscores the illegitimacy of this last-minute change.

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 2 of 14

**Jurisdiction**

4.      This Court may exercise federal-question jurisdiction, *see* 28 U.S.C. § 1331, over Count One, which arises under the Elections Clause of the U.S. Constitution, *see* U.S. Const., Art. I, § 4, cl. 1; and Count Two, which arises under the Equal Protection Clause of the U.S. Constitution, *see* U.S. Const., amend. XIV.

5.      This Court may exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), over Count Three, which arises under the Alaska Election Code, *see* AS §§ 15.15.360(a)(10), (a)(11), and (b); and Count Four, which arises under the Alaska Administrative Procedure Act, *see* Alaska Stat. §§ 15.15.010, 44.62.190, 44.62.300(1).

6.      This Court may exercise declaratory judgment jurisdiction, *see* 28 U.S.C. § 2201, over all Counts in this Complaint because an actionable, justiciable controversy now exists between Plaintiff and Defendants.

**Venue**

7.      Venue is proper in the United States District Court for the District of Alaska because all defendants reside in Alaska, and a substantial portion of the events giving rise to the underlying claims occurred in Alaska.  28 U.S.C. §§ 1391(b)(1), (b)(2).

8.      This case is properly filed in this Division pursuant to D.Ak. LR 3.3(a); *see also* 28 U.S.C. § 81A.

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 3 of 14

**Parties**

9.    Plaintiff Joe Miller is the Republican nominee for U.S. Senate, a citizen and registered voter of the State of Alaska.  He is at least 30 years of age and is a natural-born U.S. citizen.  On August 31, 2010, Mr. Miller won the primary election to become the Republican nominee in the 2010 general election (hereafter, "the Election") for the office of U.S. Senator.  He also cast a vote for the office of U.S. Senator in the 2010 general election.

10.    Defendant Craig Campbell, Lieutenant Governor of Alaska, is a resident of Alaska.  In addition to protecting the state seal, he is statutorily required to "control and supervise the division of elections," AS § 15.10.105(a), and "administer state election laws," *id*. § 44.19.020(1).

11.    Defendant, the State of Alaska, Division of Elections (hereafter, the "Division"), is a department of the State of Alaska.  Its Director is the "chief elections officer of the state," AS § 15.80.010(3); "act[s] for the lieutenant governor in the supervision of central and regional election offices . . . and the administration of all state elections," *id*. § 15.10.105(a); *see also id*. § 15.15.010; and serves at the lieutenant governor's pleasure, *id*. § 15.10.105(a).  The director may "adopt regulations under [Alaska Stat.] [§] 44.62 necessary for the administration of state elections." *Id*. § 15.15.010.

12.    Defendant Alaska Division of Elections (hereafter, the "Division") is a state entity established under Alaska Stat. § 15.10.105(a).    Defendant Campbell, as

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 4 of 14

Lieutenant Governor, "control[s] and supervise[s]" the Division, and the Director acts on his behalf. *Id.*

### The Division's Eleventh Hour Decision to Change the Rules Governing the Election

13.     According to the Unofficial Election Results on the Division's website, 203,169 Alaska citizens cast votes in the 2010 general election in the race for U.S. Senator.  Of those, 83,201 votes—or 40.95% of the total ballots cast—were write-in votes.

14.     Alaska law sets forth clear and unambiguous requirements for counting write-in votes.

        a.     Alaska law clearly specifies, "In order to vote for a write-in candidate, the voter ***must write in the candidate's name*** in the space provided and fill in the oval opposite the candidate's name in accordance with (1) of this subsection."    AS § 15.15.360(a)(10) (emphasis added).  This provision clearly requires that a voter must include a "candidate's name" on his ballot in order for a write-in vote to be counted. The statute does not permit a write-in vote to be counted if a voter includes only a "reasonable approximation" or a "close variation" of a candidate's name.

        b.     Alaska law further provides, "A vote for a write-in candidate, other than a write-in vote for governor and lieutenant governor, shall be counted if the oval is filled in for that candidate and ***if the name, as it appears on the write-in declaration of candidacy, of the candidate or the last name of the candidate is written in the space***

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 5 of 14

*provided.*"   AS § 15.15.360(a)(11) (emphasis added).  This requirement is even more explicit—a write-in vote may not be counted if there is any deviation between the name of the candidate as written in on the ballot and the candidate's name "as it appears on the write-in declaration of candidacy."

15.     Alaska law goes on to specify, "The rules set out in this section are mandatory and <u>there are no exceptions to them</u>.  A ballot may not be counted unless marked in compliance with these rules." AS. § 15.15.360(b) (emphasis added).

16.     Notwithstanding these clear, unambiguous, and "mandatory" requirements, the Director, for the Division and the State, announced publicly—following the Election—that she likely will establish her own subjective "standards" to govern the Division's counting of write-in ballots.

        a.     A November 6, 2010 article in the *Wall Street Journal* entitled, "Candidate Argues Spelling Should Count in Alaska Vote" discusses "election officials' plan[s] to accept misspellings of Lisa Murkowski's name on write-in ballots." According to the article, election officials stated that "[t]hey plan to count misspellings of registered candidates' names in their favor, as long as the voter's intent is clear."  The article further states that the Director is basing this new policy on two Alaska cases "in which ballots were counted for a candidate when voter intent was clear, even if the ballot wasn't filled out correctly," even though "[t]hose cases didn't involve write-in ballots." A true and complete copy of this article is attached to the Complaint as Exhibit B.

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 6 of 14

b.        A November 4, 2010 article in the *Anchorage Daily News* entitled, "Write-Ins to Be Counted Sooner Than Expected" states, "The state hasn't been clear on what's allowed.  Minor misspellings of Murkowski's name are probably OK, but simply writing 'Lisa M,' for example, could be an issue."  A true and complete copy of this article is attached to the Complaint as Exhibit C.

c.        A November 4, 2010 article from the Associated Press State & Local Wire entitled, "Miller Attorney Wants to Ensure Law's Upheld" states, "The state's top election official has said ballot counters will use discretion in determining voter intent, possibly allowing misspelled names to count."  A true and complete copy of this article is attached to the Complaint as Exhibit D.

d.        A November 4, 2010 article from the *Associated Press* entitled, "Murkowski Acts Like Victor, Though Questions Linger" states, "Lt. Gov. Craig Campbell, who oversees elections said this week that ballot counters would debate over ballots on which there are spelling errors before determining whether they should count." A true and complete copy of this article is attached to the Complaint as Exhibit E. Previously, in a press release, the Lt. Governor stated that misspellings would not be counted and that state law would be followed. *See* Exhibit F.

e.        On November 8, 2010, just 36 hours before the vote count was to start, the State, through the Director and Division, issued a written policy that purports to apply a

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 7 of 14

subjective standard allowing the Director to determine, at her own whim, what votes will be counted and what votes will not be counted. *See* Exhibit A.

17.     As discussed above, Alaska statutes do not allow election officials to count a write-in ballot unless the candidate's name is written on the ballot "as it appears on the write-in declaration of candidacy." AS § 15.15.360(a)(11). There "are no exceptions" to this rule, and any ballots that do not satisfy this standard "may not be counted." *Id.* § 15.15.360(b).    Thus, write-in ballots with misspellings are statutorily invalid, and election officials lack the authority to decide nevertheless to count them.

## COUNT ONE—ELECTIONS CLAUSE
### (U.S. Const., Art. I, § 4, Cl. 1)

18.     Plaintiff re-allege and incorporate by reference the foregoing Paragraphs 1 through 17, as if set forth fully herein.

19.     Defendants' decision to override state law by establishing a policy whereby write-in ballots with misspellings can be counted violates the Elections Clause of the U.S. Constitution, which provides, "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State *by the Legislature* thereof." U.S. Const., Art. I, § 4, cl. 1 (emphasis added).

20.     The Elections Clause specifically bestows authority to regulate the "Manner of holding Elections for Senators" to the Alaska legislature, not state executive branch officials such as the Lieutenant Governor or Director.    Defendants' attempt to

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 8 of 14

effectively nullify various provisions of Alaska Stat. § 15.15.360 by establishing their own standards for counting write-in ballots therefore is unconstitutional.

21.    Plaintiff respectfully request injunctive and declaratory relief against this impending violation of the Elections Clause.

**COUNT TWO—EQUAL PROTECTION CLAUSE**
**(U.S. Const., amend XIV)**

22.    Plaintiff re-allege and incorporate by reference the foregoing Paragraphs 1 through 21, as if set forth fully herein.

23.    The U.S. Supreme Court has held that a policy directing election officials simply to attempt to ascertain "the intent of the voter" when deciding whether, or how, to count ballots is "unobjectionable as . . . a starting principle," but is not constitutionally sufficient. *Bush v. Gore*, 531 U.S. 98, 105.  The Equal Protection Clause requires state officials to establish much more "specific standards" and "uniform rules" in order to prevent "the standards for accepting or rejecting contested ballots" to vary "within a single county from one []count team to another." *Id*. at 106.

24.    Defendants have adopted the same type of policy that the Supreme Court already has declared constitutionally inadequate.  Rather than implementing the clear, specific, and uniform standards for counting write-in votes set forth in Alaska Stat. § 15.15.360, Defendants and their counting boards apparently will be attempting to divine for themselves the "intent of the voter" based on vague, amorphous, subjective—and

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 9 of 14

unspecified—criteria. This quixotic quest will result in the arbitrary and disparate treatment of write-in ballots in clear violation of the U.S. Constitution.

25.    Plaintiff respectfully request injunctive and declaratory relief against this impending violation of the Equal Protection Clause.

## COUNT THREE— ALASKA ELECTION CODE
## (AS § 15.15.360)

26.    Plaintiff re-allege and incorporate by reference the foregoing Paragraphs 1 through 25, as if set forth fully herein.

27.    Defendants' decision to override state law by establishing a policy whereby write-in ballots with misspellings can be counted is *ultra vires* and invalid. This policy, which would authorize the counting of certain ballots on which the candidate's name is ***not*** written  as it appears on a write-in declaration of candidacy, is flatly contrary to Alaska Stat. § 15.15.360(a)(10), (a)(11), and (b), and therefore is unenforceable.

28.    Plaintiff respectfully request injunctive and declaratory relief against this impending violation of the Administrative Procedure Act's substantive prohibitions.

## COUNT FOUR— ALASKA ADMINISTRATIVE PROCEDURE ACT
## (AS §§ 44.62.020, 44.62.030, 44.62.300)

29.    Plaintiff re-allege and incorporate by reference the foregoing Paragraphs 1 through 28, as if set forth fully herein.

30.    The Administrative Procedure Act defines the term "regulation" as including:

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 10 of 14

> every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of a rule, regulation, order, or standard adopted by a state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure, except one that relates only to the internal management of a state agency.

AS § 44.62.640(a)(3).   The definition specifies that the term includes 'manuals,' 'policies,' 'instructions,' 'guides to enforcement,' 'interpretative bulletins,' 'interpretations,' and the like, that have the effect of rules, orders, regulations, or standards of general application." *Id*. "[W]hether a regulation, regardless of name, is covered by this chapter depends in part on whether it affects the public or is used by the agency in dealing with the public." *Id*.

31.     The new policy issued on November 8, 2010 constitutes a regulation that was required to be issued in conformance with the APA. The Administrative Procedure Act specifies that an agency wishing to promulgate or amend a regulation must publish a formal public notice in a newspaper of general circulation at least 30 days before it takes effect, AS § 44.62.190(a)(1), along with "the reason for the proposed action" and certain other pieces of information about the proposal, *id*. §§ 44.62.190(d), 44.62.200(a).

32.     A regulation may not be adopted unless and until the public has had the opportunity "to present statements, arguments, or contentions in writing," if not orally, regarding the proposal.  AS § 44.62.210(a).  The agency is required to "consider all

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 11 of 14

factual, substantive, and other relevant matter presented to it before adopting, amending, or repealing a regulation." *Id*.

33.    If an agency purports to promulgate a regulation without satisfying these requirements, it may be struck down in court.  AS § 44.62.300(1)-(2).

34.    Defendants' decision to ignore the clear, unambiguous, and uniform standard for counting write-in votes set forth in Alaska Stat. § 15.15.360, and instead impose a new standard—36 hours before the ballot count—that authorizes the counting of write-in ballots containing misspellings, or in which the candidate's name is not as it appears on the write-in declaration of candidacy, qualifies as the promulgation of a new regulation, or amendment of an existing regulation, under AS § 44.62.640(a)(3).

35.    Defendants did not give advance public notice of this regulation; publish the required information regarding it; or solicit or consider public feedback, as required by Alaska Stat. § 44.62.190(a)(1), (d); § 44.62.200; and § 44.62.210(a).   The regulation therefore is invalid and unenforceable.

36.    Plaintiff respectfully request injunctive and declaratory relief against this violation of the procedural provisions of the Administrative Procedure Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment in their favor and against Defendants as follows:

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 12 of 14

1.      For an immediate, preliminary and permanent injunction enjoining Defendants to comply with state law as mandated by the Legislature and restraining Defendants from counting or otherwise accepting as valid any write-in ballots in which the name of the candidate is spelt incorrectly, or on which the name of the candidate is not written as it appears on a write-in declaration of candidacy;

2.      For a declaratory judgment that:

        a.      the Elections Clause of the U.S. Constitution prohibits Defendants from enacting election provisions inconsistent with legislative mandates, and in this case, from counting or otherwise accepting as valid any write-in ballots in which the name of the candidate is spelled incorrectly, or on which the name of the candidate is not written as it appears on a write-in declaration of candidacy;

        b.      Defendants' new policy of attempting to divine the "intent of the voter" from write-in ballots with misspellings is so vague and amorphous as to violate the Equal Protection Clause of the U.S. Constitution, and it will over-count protest votes;

        c.      Defendants' decision to count, and accept as valid, write-in ballots in which the name of the candidate is spelt incorrectly, or on which the name of the candidate is not written as it appears on a write-in declaration of candidacy, is *ultra vires*, contrary to AS §§ 15.15.360, and unenforceable; and

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 13 of 14

      d.     Defendants' policy is unenforceable under Alaska Stat. § 44.62.300 because it was not promulgated pursuant to the procedures set forth in the Administrative Procedure Act.

3.     For costs and attorneys' fees, if any, as allowable by applicable law; and

4.     For such other and further relief as this Court deems just and appropriate.

Dated this 8th day of November, 2010.

Respectfully submitted,

Thomas V. Van Flein
John Tiemessen
CLAPP, PETERSON, VAN FLEIN
    TIEMESSEN & THORSNESS LL
711 H St., Suite 620
Anchorage, Alaska  99501-3454
Phone:     (907) 272-9272
Facsimile:   (907) 272-9586
*Attorneys for Plaintiff*

Complaint for Injunctive and Declaratory Relief
Joe Miller v. Campbell, et al., Case No.
Page 14 of 14