## MINUTES OF THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

*Joe Miller v. Lt. Governor Campbell, et al*.

THE HONORABLE JOHN W. SEDWICK                          3:10-cv-252 JWS

PROCEEDINGS:            **ORDER FROM CHAMBERS**            November 10, 2010

---

A United States judge is under an affirmative duty to recuse from presiding, "in any proceeding in which his impartiality might reasonably be questioned."[1]  The Ninth Circuit has explained that when applying this statute, the controlling principle is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[2]

Plaintiff Joe Miller was once employed by this court as a part-time magistrate judge in Fairbanks.  Subsequent to Mr. Miller's appointment to that position, I became chief judge of the district.  As a result, I also became Mr. Miller's direct supervisor.  Mr. Miller's service came to an abrupt end when he called me to say that he planned to run for elective office and so would have to resign.  Mr. Miller called at about 4:20 PM on the day of his resignation.  The process for filling a part-time magistrate judge position is lengthy, a fact well known to Mr. Miller because he had gone through that process.  Mr. Miller's failure to give reasonable notice of his resignation left the court with no judicial officer resident in Fairbanks, and no ability to fill the vacancy for many months.  This incident caused me to form a negative opinion of Mr. Miller.

As a federal judicial officer, it is my duty to discourage political activity by my family members, and I do so.  Nevertheless, members of my family have civil rights which they are entitled to exercise.  Following the primary election, my spouse contributed to the write-in campaign of Senator Murkowski.

A reasonable person with knowledge of the above facts would conclude that my impartiality might reasonably be questioned.  I recuse.  The Clerk of Court will please re-assign this case to another judge.

---

[1] 28 U.S.C. § 455(a).

[2] *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (*quoting United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986)).