IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOE MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>LIEUTENANT GOVERNOR CRAIG CAMPBELL, in his official capacity; and the STATE OF ALASKA, DIVISION OF ELECTIONS,<br><br>      Defendants. | Case No. 3:10-cv-0252-RRB<br><br>**ORDER REGARDING PENDING MOTIONS AND STAYING PROCEEDINGS** |

    Before the Court, at Docket 13, is Plaintiff Joe Miller with a Motion for Preliminary Injunction in which he seeks to enjoin the Lieutenant Governor of Alaska, through the Division of Elections, from counting the votes cast in the race for United States Senator for Alaska. Defendants oppose at Docket 26 and Plaintiff replies at Docket 35. At Docket 33 Plaintiff seeks to file an Amended Motion for Preliminary Injunction and includes his arguments for this additional relief in his filing at Docket 35. In order to expedite this matter, the Court hereby **GRANTS** the Motion to Amend at **Docket 33** without seeking response from Defendants, for Plaintiff's request was certainly anticipated and implicit in his earlier filings.

ORDER RE PENDING MOTIONS
   AND STAYING PROCEEDINGS - 1
3:10-cv-0252-RRB

The Court has federal question jurisdiction to hear this matter given the significant constitutional questions arising from the dispute between the parties as to whether the Division of Elections has, among other things, violated the Alaska Legislature's prerogative by counting votes in a manner contrary to the legislative directive.

As indicated by the Court in its Order at Docket 16, the process for counting votes and segregating disputed ballots appears to have been carefully thought out and provides ample protection for both parties. There simply is no just reason to delay or enjoin the counting of ballots. Plaintiff's Motion for Preliminary Injunction at **Docket 13** regarding the counting of ballots is therefore **DENIED.**

Plaintiff also asks the Court to enjoin the Defendants from certifying the results of the 2010 general election for the office of U.S. Senator and prohibit the Division from accepting as valid any write-in votes in which a candidate's name is misspelled or is not written on the ballot as it appears on the candidate's write-in declaration of candidacy. Plaintiff is asking this Court to order Defendants to count write-in ballots as set forth in AS 15.15.360(a)10, (a)(11) and (b), without deviation.  In making this latter request, Plaintiff asks the Court to determine purely Alaska law, i.e. how this Alaska Statute should be applied to the

current dispute. More specifically, Plaintiff contends that if candidate Murkowski's name is misspelled on the write-in ballot or deviates in any way from the manner the name appeared on the declaration of candidacy, that ballot should not be counted. This is certainly one very possible interpretation of the disputed statute. Defendants contend, however, that if the spelling of "Lisa Murkowski" or "Murkowski" is such that the voter's intent to vote for candidate Murkowski is clear, that should be sufficient and the ballot should be counted for her. This too is a viable interpretation of the disputed statute. The issue now is who should properly determine the answer to this question, the Federal Court or the State Court? And the answer appears clear to the undersigned. This is a State-wide election, conducted under State law, involving State candidates and impacting State citizens. The Courts of the State of Alaska are in the best position, at least initially, to apply Alaska law and to determine who won this election. While it is not the role of the State Court to ignore or re-write the law, it certainly can interpret it when necessary.

Therefore, prudence, propriety, principles of judicial restraint, and a desire to avoid unnecessary constitutional adjudication lead this Court to abstain[1] from resolving the current

---

[1] Railroad Commission v. Pullman Co., 312 U.S. 496 (1941); Burdick v. Takushi, 846 F.2d 587, 588-89 (9th Cir. 1988)

ORDER RE PENDING MOTIONS
   AND STAYING PROCEEDINGS - 3
3:10-cv-0252-RRB

dispute and refer the parties to the appropriate State tribunal. The Court is confident that the Courts of Alaska can quickly address and resolve these matters. So long as the United States Constitution is not violated, this really is a State matter.

Therefore, for the reasons articulated above and by Defendants in their Motion to Dismiss for Lack of Federal Question Jurisdiction or in the Alternative to Abstain at Docket 17, which Plaintiff responded to at Docket 20, this matter is hereby **STAYED** so that the parties may bring this dispute before the appropriate State tribunal. The Court shall retain jurisdiction pursuant to <u>Pullman</u> and will remain available to review any constitutional issues that may exist once the State remedies have been exhausted. In order to ensure that these serious State law issues are resolved prior to certification of the election, the Court hereby conditionally **GRANTS** Plaintiff's motion to enjoin certification of the election. If an action is filed in State Court on or before **November 22, 2010**, the results of this election shall not be certified until the legal issues raised therein have been fully and finally resolved.

**IT IS SO ORDERED.**

ENTERED this 19th day of November, 2010.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE