IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

<table>
<tr><td>
JOE MILLER,<br><br>
      Plaintiff,<br><br>
vs.<br><br>
LIEUTENANT GOVERNOR MEAD<br>
TREADWELL, in his official<br>
capacity; and the STATE OF<br>
ALASKA, DIVISION OF ELECTIONS,<br><br>
      Defendants.
</td><td>
Case No. 3:10-cv-0252-RRB<br><br><br>
**ORDER REGARDING**<br>
**PENDING MOTIONS**
</td></tr>
</table>

Before the Court are several motions.  First, at Docket 57, is Lisa Murkowski with a Motion to Intervene pursuant to Fed R. Civ. P. 24.  Murkowski is clearly an interested party in this dispute. However, her interests are well represented by Defendants and she raises no new federal claims. Furthermore, the presence of an additional party would serve to extend and complicate matters and would be inconsistent with the Court's hope to expedite the resolution of this dispute.  The Motion to Intervene at **Docket 57** is hereby **DENIED.**

The Court understands that a briefing schedule has been set before the Alaska Supreme Court to which the parties are adhering. While the Court cannot foresee the ultimate decision of the Alaska Supreme Court, it remains possible that Plaintiff will return to this Court to pursue the remaining federal claims.  It is prudent, therefore, to consider a briefing schedule.  The Court has been monitoring the progress of this case before the Alaska courts and is generally aware of the issues raised.  The Court is also aware of the importance of timely certification to whomever is the prevailing party. And most certainly, Alaska should have a Senator certified by January 3, 2011, even if subsequent events require that the Senator be replaced.  In this regard, the Court does not believe that certification of the election is necessarily the "end all" of this dispute.  In other words, certification does not preclude further litigation nor prevent the certification from being revoked if subsequent litigation proves the certification to have been in error.  The parties are free to brief this issue when addressing the two remaining federal claims according to the schedule set forth below.

Once the Alaska Supreme Court has entered a final order, whether oral or written, and if Plaintiff Miller happens to be the losing party, he may have until **10:00 AM on December 20, 2010**, or 48 hours from the entry of the decision, whichever is later, to

present his position to this Court.  Defendants may have 24 hours (not business hours) to respond.  The Court will, as soon as possible thereafter, address the issue of certification and resolve, to the extent possible, the remaining legal issues. Defendant's Motion to Lift Stay and Establish Expedited Briefing Schedule at **Docket 67** is **GRANTED to the limited extent** indicated above. The motions at **Dockets 48** and **51** are **DENIED as moot**.

      **IT IS SO ORDERED.**

      ENTERED this 14th day of December, 2010.

                       S/RALPH R. BEISTLINE
                       UNITED STATES DISTRICT JUDGE